J. W. BLACK, W. A. McLEOD AND L. A. McDAVID, APPEL-
LANTS, V. SKINNER MANUFACTURING COMPANY, A CORPO-
RATION, APPELLEE.

The principles controlling the disposition of this cause are stated
in the case of J. W. Black, W. A. McLeod and D. T. Wil-
liams v. The Skinner Manufacturing Co., decided this day.

This case was decided by Division A.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the
court.

*Avery & Avery* and *Daniel Campbell & Son,* for Ap-
pellants.

*T. F. West* and *Blount & Blount,* for Appellee.

WHITFIELD, J.: This appeal is from a decree of the
circuit court for Santa Rosa county adjudging certain
deeds of conveyance executed by J. W. Black, one of the
appellants, to W. A. McLeod, another appellant, and by
W. A. McLeod to the appellant, L. A. McDavid, in so
far as they purport to convey all of fractional section one,
township three north, range thirty-one west, land situ-
ated in Santa Rosa county, Florida, to be invalid as
against the appellee and clouds upon its title to said
land, and declaring the appellee's title to be valid and
subsisting as against the appellants, and ordering said
deeds to be canceled of record in so far as they affect
said land. The appellee claims title by a deed of convey-
ance of May 8, 1879, from J. W. Black, one of the appel-

lants, to D. F. Sullivan, and by mesne conveyances to itself. The appellant, L. A. McDavid, claims title by deed of August 19, 1902, from the appellant, J. W. Black, to the appellant, W. A. McLeod, and by deed from W. A. McLeod to the appellant, L. A. McDavid.

In the case of J. W. Black, W. A. McLeod and D. T. Williams, appellants, v. Skinner Manufacturing Company, appellee, this day filed, the court held that the deed of May 8, 1879, from J. W. Black to D. F. Sullivan conveyed all the land therein described, and the land in controversy in this cause was included in that deed; therefore J. W. Black had no title to convey to W. A. McLeod in 1902. The deed of May 8, 1879, from J. W. Black to D. F. Sullivan was not recorded in Santa Rosa county, but it was held in the case above referred to that in the deed of August 19, 1902, from J. W. Black to W. A. McLeod in trust, which also includes the land in question here, the latter was not a purchaser for a valuable consideration, therefore the failure to record the deed of May 8, 1879, from J. W. Black to D. F. Sullivan did not make the deed of August 19th, 1902, from J. W. Black to W. A. McLeod, effectual. The deed from W. A. McLeod, trustee, to L. A. McDavid was a quit claim deed and conveyed no better title than McLeod received from Black. The result is that as against the appellee the appellants have no title and no error appears in the decree.

Let the decree be affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.